IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD NUDELMAN,** | : | No. 3:05cv1362 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **BOROUGH OF DICKSON CITY POLICE** | : | |
| **DEPARTMENT; WILLIAM STADNITSKI,** | : | |
| *Individually and in his official capacity as the* | : | |
| *police chief/officer for the Borough of* | : | |
| *Dickson City*; **PHILLIP F. DAVITT,** | : | |
| *Individually and in his official capacity as a* | : | |
| *police officer for the Borough of Dickson* | : | |
| *City*; **and THOMAS LOGAN,** *Individually* | : | |
| *and in his official capacity as a police officer* | : | |
| *for the Borough of Dickson City,* | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Presently before the Court for disposition is the Defendants' joint Partial Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The parties have fully briefed this motion and it is ripe for disposition.  For the following reasons, we will grant the motion in part.

**I.      Background**[1]

Plaintiff Harold Nudelman was police officer with the Borough of Dickson City Police Department for thirty-one years, until a work related injury rendered him incapable of performing his duties as of January 29, 2003.  At all relevant times, Defendant William

---

[1] The following background facts are derived from the Complaint.

Stadnitski was the Chief of Police of Dickson City, and Defendants Phillip Davitt and Thomas Logan were police officers in Dickson City.  On September 27, 2004, Nudelman filed suit in the United States District Court for the Middle District of Pennsylvania, Docket Number 04cv2159 (J. Munley), against the Borough, the Borough Council, and the Borough Police Department claiming that he was wrongfully terminated, and Stadnitski subjected him to discrimination and retaliation.

At the time he filed suit, Nudelman was employed by Millennium Packing Service, Inc. in Dickson City.   After the filing, Defendants Stadnitski and Davitt engaged in a pattern of issuing baseless traffic citations to Millenium's employees and business invitees.  On or about November 26, 2004, Davitt stopped a Millenium truck for a tail light violation and refused to allow the truck to proceed one mile to the company's facility for repairs.  A Millenium employee on the scene called Nudelman to assist with the repair, and when he arrived, Davitt and Logan verbally abused and falsely imprisoned him.  They issued him a criminal citation for disorderly conduct, and he was subsequently acquitted of this charge after trial.  While Davitt and Logan detained the truck for approximately two and one half hours, they repeatedly conferred with Stadnitski over the phone.  Davitt and Logan issued the citation even though the incident occurred in Scranton, outside of their jurisdiction.

Based on the above incident, Nudelman filed the instant twelve count Complaint.  In Count I, 42 U.S.C. §§ 1983, 1985, he alleges that the defendants violated his First Amendment rights when they initiated the above actions in retaliation for his previous

lawsuit.  In Count II, 42 U.S.C. §§ 1983, 1985, he alleges that the defendants deprived him of

his Fourteenth Amendment liberty interest in his reputation.  In Count III, 42 U.S.C. §§ 1983,

1985, he alleges the defendants' actions were performed pursuant to an official policy of the

Police Department.  In Count IV, 42 U.S.C. §§ 1983, 1985, he maintains that the defendants

seized him without probable cause in violation of the Fourth Amendment.  In Count V,

pursuant to Pennsylvania common law, he avers that the defendants falsely arrested him.  In

Count VI, 42 U.S.C. §§ 1983, 1985, he asserts that the defendants maliciously prosecuted

him in violation of his federal constitutional rights.  Count VII is a Pennsylvania common

law malicious prosecution claim.  Count VIII is a Pennsylvania common law assault and

battery claim.  Count IX is a Pennsylvania common law false imprisonment claim.  Count X

is a Pennsylvania common law intentional infliction of emotional distress claim.  Count XI,

42 U.S.C. §§ 1983, 1985, seeks to impose supervisory liability on Stadnitski.  Finally, Count

XII is a Pennsylvania common law defamation claim.

## II.    Jurisdiction

Since a federal question is before the Court pursuant to 42 U.S.C. §§ 1983, 1985, this

court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.  This court also has

supplemental jurisdiction over the plaintiff's claims that arise under state law, pursuant to 28

U.S.C. § 1367(a), as these claims are "part of the same case or controversy" as the plaintiff's

federal claims.  A federal district court exercising supplemental jurisdiction over state law

causes of action must apply the substantive law of the State as interpreted by the State's

highest court.  Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938); Paolella v. Browning-Ferris, Inc., 158 F.3d 183, 189 (3d Cir. 1998).

## III.    Standard

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

## IV.    Discussion

The defendants seek dismissal of Counts II, IV, V, VI, and XII.  Regarding Count II, they argue that Nudelman has not sufficiently averred a deprivation of a protected liberty interest because he has no protected liberty interest in his reputation.  They argue that Counts IV-VI do not set forth false arrest claims because Nudelman failed to allege he was 'seized.'  Similarly, they argue that we should dismiss Count VI because the complaint does not set forth the requisite nexus between the legal process and the seizure to state a malicious prosecution claim.  Finally, the defendants argue that Count XII does not set forth a defamation claim because statements in a criminal complaint are absolutely privileged.  We will address each issue seperately.

A.      **Count II: Liberty Interest in Reputation**

Nudelman advances Count II pursuant to 42 U.S.C. § 1983 ("section 1983") for alleged violations of his Due Process liberty interest in his reputation. In pertinent part, section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, a plaintiff must establish two criteria to state a claim under section 1983. First, the conduct complained of must have been committed by a person acting under color of state law. Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).[2]

Nudelman admits that an allegation of injury to reputation alone does not constitute a deprivation of a liberty interest protected by the Due Process clause, but he emphasizes that he additionally alleged that the defendants harassed him, subjected him to a criminal charges, denied him due process, and the Pennsylvania constitution protects his reputation. We find

---

[2] Similarly, 42 U.S.C. § 1985 creates no substantive rights but provides a remedy for violations of federal rights. Great American Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 372 (1979). Thus, since our constitutional analysis applies equally for both § 1983 and 1985, we will refer solely to § 1983 in the interest of brevity.

5

that even with the additional averments, he has not pleaded sufficient facts to state a deprivation of a protected liberty interest.

"[T]o make out a claim for a violation of a liberty interest in a plaintiff's reputation a plaintiff must show a stigma to his reputation plus some concomitant infringement of a protected right or interest." Ersek v. Township of Springfield, 102 F.3d 79, 83 n.5 (1997). This additional showing is commonly referred to as "stigma plus." Id.; Graham v. City of Philadelphia, 402 F.3d 139, 142 n.2 (2005). Pursuant to Graham, we need not address whether Nudelman has sufficiently pleaded the "plus." Graham held that where a plaintiff alleges a deprivation of his liberty interest in his reputation based on criminal charges and subsequently is provided a trial to refute the allegations against him, he was not denied due process and no further procedural protections are necessary. Id. at 146-47. "We therefore hold that where, as here, following a criminal trial, an individual acquitted at trial advances a stigma-plus claim alleging reputational injury flowing from his or her alleged criminal conduct, that individual is not entitled to a name-clearing hearing under the Due Process Clause." Id. at 147. Just as the plaintiff in Graham, Nudelman alleges that he was acquitted at trial of the charges that form the basis of the alleged injury to his reputation. Therefore, we find that he fails to allege a due process claim and we will grant the motion to dismiss Count II.[3]

---

[3] We dismiss with prejudice because Graham renders any potential amendment futile. See Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004) (stating that a district court may dismiss a claim pursuant to 12(b)(6) with prejudice if allowing a curative amendment would be inequitable or futile).

**B.     Count IV, V: False Arrest**

Defendants argue Nudelman's allegation that he was criminally charged and required to appear in court is insufficient to support his claim that he was 'seized' in violation of his Fourth Amendment rights, and therefore, we should dismiss his false arrest claims.  We agree that these allegations do not constitute a seizure.  See DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005) (holding that instituting charges and requiring court appearances does not constitute a seizure).  We observe, however, that the Complaint also alleges that on November 26, 2004, the date he was issued the citations, officer Logan issued him an order to leave the scene, removed his handcuffs, and another officer placed his hand on him.  In addition, he alleges that he was not free to walk away from the officers after he arrived on the scene.  These allegations are sufficient to state a claim that he was seized.[4] Therefore, we will deny the motion to dismiss the false arrest claims in Counts IV and V.

**C.     Count VI: 42 U.S.C. § 1983 Malicious Prosecution**

Defendants argue the alleged seizure on November 26, 2004 is insufficient to state a malicious prosecution claim because it was not a consequence of the legal proceeding.  One

---

[4] "A seizure within the meaning of the Fourth Amendment occurs 'whenever a police officer accosts an individual and restrains his freedom to walk away.'"  Leveto v. Lapina, 258 F.3d 156, 165 (3d Cir. 2000) (quoting Terry v. Ohio, 392 U.S. 1, 16 (1968)).  The appropriate test is "when taking into account all of the circumstances surrounding the encounter, the police conduct would . . . 'communicate to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'"  Johnson v. Campbell, 332 F.3d 199, 205 (3d Cir. 2003).  We find that Nudelman has stated a claim that he was seized because no reasonable person would feel at liberty to ignore  police officers giving orders while withdrawing handcuffs and coming into physical contact with him.

element of a § 1983 malicious prosecution claim is "the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding." Estate of Smith v. Marasco, 318 F.3d 497, 520 (3d Cir. 2003).

We find that Nudelman has not pleaded the requisite connection between the citation and his 'seizure.' He alleges that after the citation was issued, Logan removed his handcuffs and one of the officers placed his hand on him. This 'seizure' was not effectuated pursuant to the citation or to secure Nudelman's court attendance to respond to the citation. Therefore, Nudelman has failed to plead sufficient facts to support the conclusion that he suffered a deprivation of liberty as a consequence of his citation. See Singer v. Fulton County Sheriff, 63 F.3d 110, 117 (2d Cir. 1995) (finding that the plaintiff did not state a malicious prosecution claims because the seizure was not made pursuant to legal process where the seizure was without a warrant and occurred prior to arraignment). "Typically a warrantless deprivation of liberty from the moment of arrest to the time of arraignment will find its analog in the tort of false arrest . . ., while the tort of malicious prosecution will implicate post-arraignment deprivations of liberty." Id. Thus, Plaintiff has failed to allege that his alleged seizure was a consequence of the citation, we will dismiss the malicious prosecution claim in Count VI without prejudice.[5]

---

[5] We dismiss without prejudice because we find that amendment may not be futile, as we cannot conclusively find that Nudelman will not be able to allege other facts to satisfy the nexus requirement between a seizure and his legal proceedings. Alston, 363 F.3d at 236.

**D.    Defamation**

Finally, Defendants seek to dismiss Count XII, defamation, because the allegedly defamatory act was a false criminal charge, and statements contained in a criminal complaint are absolutely privileged.  Nudelman argues that the defendants are entitled solely to qualified immunity.  Nudelman is mistaken.  Nudelman cites federal qualified immunity cases to support his argument, but the defendants rely on state immunity from the state defamation claim.  Pennsylvania law provides absolute immunity for statements made in the course of, or pertinent to, any stage of judicial proceedings.  Lohman v. Township of Oxford, 816 F. Supp. 1025, 1030-31 (E.D. Pa. 1993) (citing Pawloski v. Smorto, 588 A.2d 36 (1991)). Thus, we will dismiss Count XII because Defendant's alleged defamatory statements are privileged.[6]

**V.    Conclusion**

Accordingly, we will dismiss Counts II and XII with prejudice.  Count II fails to state a deprivation of a due process liberty interest in reputation because  Nudelman was afforded a trial and no further process was necessary.   Count XII fails to state a defamation claim because it seeks to base liability on absolutely privileged statements.

We will dismiss Count VI, malicious prosecution, without prejudice because Nudelman has not alleged that his seizure was connected to the legal proceedings.  We

---

[6] Since the alleged defamatory statements were privileged, any amendment to state a defamation claim for the statements would be futile, and we will dismiss with prejudice.  Alston, 363 F.3d at 236.

dismiss without prejudice because we cannot say that amendment would be futile. Nudelman may either file an amended complaint re-pleading the malicious prosecution claim,[7] or file a notice of his intention to proceed on the original Complaint with the malicious prosecution claim dismissed. Nudelman must file either the notice or the amended complaint within twenty days of the date of the accompanying order. The defendants must file an answer or otherwise respond within twenty days of Nudelman's filing.

Finally, we will not dismiss the false arrest claims because we find that Nudelman has sufficiently alleged that the Defendants seized him within the meaning of the Fourth Amendment. An appropriate order follows.

---

[7] For the reasons expressed above, the amended complaint may not include the defamation claim or the due process liberty interest claim because we dismissed these with prejudice.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD NUDELMAN,** | : | No. 3:05cv1362 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **BOROUGH OF DICKSON CITY POLICE** | : | |
| **DEPARTMENT; WILLIAM STADNITSKI,** | : | |
| *Individually and in his official capacity as the* | : | |
| *police chief/officer for the Borough of* | : | |
| *Dickson City*; **PHILLIP F. DAVITT,** | : | |
| *Individually and in his official capacity as a* | : | |
| *police officer for the Borough of Dickson* | : | |
| *City*; **and THOMAS LOGAN,** *Individually* | : | |
| *and in his official capacity as a police officer* | : | |
| *for the Borough of Dickson City,* | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW**, to wit, this 12th day of April 2006, Defendants' Partial Motion to Dismiss (Doc. 8) is hereby **GRANTED** in part and **DENIED** in part.  It is hereby **ORDERED** that:

1)	Counts II and XII are dismissed with prejudice

2)	Count VI is dismissed without prejudice.  Plaintiff must either file an amended complaint or a notice of his intention to proceed with the original complaint within twenty days of the date of this order.

3)	The Motion is **DENIED** in all other respects.

                                                  **BY THE COURT:**

                                                  **s/ James M. Munley**
                                                  **JUDGE JAMES MUNLEY**
                                                  **United States District Court**